**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELANIE BARBER; ROBERT MALONE; ESTHER MALONE; R. GRACE RODRIGUEZ, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs-Appellants,<br><br>v.<br><br>NESTLE USA, INC., a Delaware Corporation; NESTLE PURINA PETCARE CO., A Missouri Corporation,<br><br>        Defendants-Appellees. | No.   16-55041<br><br>D.C. No. CV 15-1364 CJC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted December 7, 2017
Pasadena, California

Before:    TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

Plaintiffs-Appellants Melanie Barber, Robert and Esther Malone, and R.

---

       *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Grace Rodriguez ("Plaintiffs") appeal the dismissal of their putative class action lawsuit against Defendants-Appellees Nestlé USA, Inc. and Nestlé Purina PetCare Co. (collectively, "Nestlé").[1] Nestlé is a marketer and distributor of canned and packaged seafood that sources some of its products from Thailand. The Bureau of International Labor Affairs of the United States Department of Labor recognizes that fish and shrimp products exported from Thailand may be the result of forced labor. Therefore, Nestlé's supply chain may include forced labor, but the company does not disclose this on its labels.

Plaintiffs argue that by not labeling its products, Nestlé misled purchasers and thereby violated California's consumer protection laws. Specifically, Plaintiffs bring suit under (1) California Civil Code §§ 1750, *et seq.*, the Consumers Legal Remedies Act ("CLRA"); (2) California's Business & Professions Code §§ 17200, *et seq.*, the Unfair Competition Law ("UCL"); and (3) California's Business & Professions Code §§ 17500, *et seq.*, the False Advertising Law ("FAL").

The district court dismissed all of Plaintiffs' claims. We review de novo, *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1103 (9th Cir. 2013), and affirm.

---

[1] This appeal is one of seven related cases that were consolidated for oral argument. For a more fulsome discussion of the issues in these appeals, please refer to the published opinion in *Hodsdon v. Mars, Inc.*, __ F.3d __, No. 16-15444, 2018 WL 2473486 (9th Cir. Jun. 4, 2018)

1.      Plaintiffs argue that Nestlé had a duty to disclose, on its labels, the existence of forced labor in its supply chain.  Plaintiffs failed to allege that the existence of forced labor in the supply chain affects the seafood products' central function.  *See Hodsdon*, 2018 WL 2473486 at \*6.  Therefore, Nestle was under no duty to disclose.  *Id*.[2]

2.      "[A]lthough a claim may be stated under the CLRA in terms constituting fraudulent omissions, to be actionable the omission must be contrary to a representation actually made by the defendant, *or an omission of a fact the defendant was obliged to disclose*."  *Daugherty v. Am. Honda Motor Co.*, 51 Cal. Rptr. 3d 118, 126 (Ct. App. 2006) (emphasis added).  Therefore, Nestlé did not violate the CLRA.

3.      The UCL prohibits "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  "Because Business & Professions Code § 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent."  *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 540 (Cal. 1999)

---

[2]      We assume for the purposes of this appeal that the existence of forced labor in the supply chain is material to consumers.  We do not reach whether Plaintiffs alleged that Nestlé had the requisite exclusivity of knowledge over the consumer.

(citations and internal quotation marks omitted). Plaintiffs claim that Nestlé is liable under all three of the varieties.

Nestlé is not liable under the unlawful prong because Plaintiffs did not state a claim under the CLRA. Likewise, Plaintiffs cannot state a claim under the fraudulent prong because Nestlé did not have a duty to disclose the forced labor. *See Berryman v. Merit Prop. Mgmt., Inc.*, 62 Cal. Rptr. 3d 177, 188 (Ct. App. 2007). Finally, Plaintiffs cannot state a claim under the unfair prong pursuant to either of the California tests. *See Hodsdon*, 2018 WL 2473486 at *7–8. Therefore, Plaintiffs did not state a UCL claim.

**4.** For the purposes of the FAL, whether an advertisement is misleading is determined by asking whether a reasonable consumer would likely be deceived. *See Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1161–62 (9th Cir. 2012). Plaintiffs' FAL claims fail because "a failure to disclose a fact one has no affirmative duty to disclose is [not] 'likely to deceive' anyone." *See Daugherty*, 51 Cal. Rptr. 3d at 128.[3]

•   ●   •

---

[3] The district court dismissed Plaintiffs' claims on the ground that the California Transparency in Supply Chains Act of 2010, Cal. Civ. Code § 1714.43, created a safe harbor that bars Plaintiffs's lawsuit. Because we affirm the district court on another ground, we do not reach this issue of whether the safe harbor doctrine applies.

The judgment of the district court is

**AFFIRMED.**[4]

---

[4]     Plaintiffs have an outstanding motion to certify a question to the California Supreme Court; however, the question is not outcome determinative. *See* Cal. R. of Court 8.548(a)(1) ("The [California] Supreme Court may decide a question of California law if . . . [t]he decision could determine the outcome of a matter pending in the requesting court."). We therefore deny the motion to certify.